LABORDE, Judge.
Plaintiff, Barbara Comeaux, seeks workers’ compensation benefits, statutory penalties, interest, attorney fees, medical expenses and costs from defendant, Martin Mills, Inc. She alleges that she is totally and permanently disabled as a result of two work-related accidents. The trial court found that the plaintiff failed to show that there was a causal connection between the alleged accidents and any disabling condition. From that judgment, plaintiff perfects this appeal. We affirm.
Plaintiff appeals, contending that while employed by defendant as a seamstress, on July 14, 1978, she injured her back lifting a bundle of clothes. She further alleges that she subsequently aggravated this injury by the same activity on January 12, 1979.
In a workers’ compensation case, the employee must establish the causal connection between the disability and employment accident by a reasonable preponderance of the evidence. Hammond v. Fidelity and Cas. Co. Of New York, 419 So.2d 829 (La.1982). On the basis of the lay and medical testimony, the trial court found no causal connection in this instance. On appellate review, the trial court’s factual findings on the question of work causation are entitled to great weight and should not be reversed unless clearly wrong. Crump v. Hartford Acc. & Indem. Co., 367 So.2d 300 (La.1979). A review of the record reveals no error.
Neither lay nor medical testimony presented supports the plaintiff’s argument that the work-related accidents have caused any disability. The discussion and analysis of the medical testimony by the trial court was thorough and, thus, we adopt the following excerpt as our own:
“Plaintiff saw Dr. Irvin C. Lister, a chiropractor, on January 12, 1979. She complained of back pain and Dr. Lister prescribed diathermy and traction. He administered in excess of fifty such treatments, and released her on April 30, 1979. There is some confusion in Dr. Lister’s records concerning the date of injury, as it was first recorded as July 14,1978 and later changed to January 12, 1979.”
“Plaintiff saw Dr. Stephen Goldware, a neurologist, on August 21, 1979, complaining of lower back pain. Dr. Gold-ware found no objective signs of injury and concluded that plaintiff’s pain was the result of her being overweight and out of shape. In an effort to remedy this, Dr. Goldware prescribed physical therapy and exercise. His records reflect that the accident occurred on January 12, 1979.”
“Dr. J. Frazer Gaar, an orthopedic surgeon, examined plaintiff on October 16, 1979. She complained to him of lower back pain and stiffness resulting from an accident in January of 1979. Dr. Gaar found no objective reason for plaintiff’s complaints and released her to return to her former employment.”
“Dr. John Guidry, a general practitioner, is plaintiff’s family physician. He treated plaintiff during a pregnancy from February 4, 1980 through September 16, 1980. He reported that plaintiff weighed 208 pounds on February 22, 1980 and reached 237 pounds just prior to delivery. Only once during the entire pregnancy did plaintiff complain of back pain. Dr. Guidry saw plaintiff on seven additional *255 occasions between October of 1980 and January of 1982. At no time during any of these visits did plaintiff complain of back pain.”
“Dr. Kenneth Adatto, an orthopedic surgeon, first examined plaintiff on February 3, 1981. She informed him that she had injured herself on July 14, 1978 and again on January 12, 1979. However, plaintiff did not tell Dr. Adatoo [sic] about her pregnancy. After testing plaintiff, Dr. Adatto performed a lami-nectomy on March 24, 1981. He could not unequivocably relate the operation or plaintiffs complaints to the alleged injury of January 14 [12? ], 1979. He assigned a ten to fifteen percent residual disability of the spine and suggested that plaintiff not get a job requiring repetitive lifting of objects in excess of twenty-five to fifty pounds. The evidence preponderates that the lifting requirements of plaintiffs job at Martin Mills falls well within this permissable [sic] range.”
As noted in the trial court reasons, none of the doctors conclusively stated that any disability was caused by a work-related accident.
The lay testimony did not support the plaintiffs contention, and the trial judge did not find the plaintiffs testimony to be credible. The trial judge’s evaluation of credibility will not be disturbed on appeal absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). A review of the record reveals no error.
The record further reveals that the lay testimony was not convincing and contained several discrepancies. Although the plaintiff claims she injured her back on July 14, 1978 and January 12, 1979, at the trial she testified that she merely pulled a muscle on July 14, 1978 and incurred the “real” injury on January 12, 1979.
In his reasons for judgment, the trial judge noted:
“A most telling discrepancy in her testimony was plaintiffs statement that she was almost constantly in pain. Aside from failing to mention this to certain of her treating physicians, this testimony is directly contradicted by the testimony of her husband who stated that her complaints were made ‘every so. often’, about every three to six months.”
The plaintiff was also inconsistent in reporting the date of the injury. Dr. Gold-ware’s and Dr. Adatto’s records reflect that the accident occurred on January 12, 1979. In Dr. Lister’s records, however, the. date of the injury was first entered as July 14, 1978 and later changed to January 12, 1979.
We hold that the plaintiff failed to prove by a preponderance of the evidence that any disability was caused by a work-related accident. She is, therefore, not entitled to workers’ compensation benefits.
For the above and foregoing reasons, the trial court judgment is affirmed. Costs are assessed against plaintiff-appellant, Barbara Comeaux.
AFFIRMED.